**Carol BLUE, et al., Plaintiffs,**

814

Karen Broaddus, Plaintiff–Appellant,

v.

COCA–COLA ENTERPRISES, INC., doing business as Coca–Cola Bottling Company of Eastern Great Lakes, Defendant–Appellee.

No. 01–4157.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Karen Broaddus, a pro se Ohio resident, appeals a district court order dismissing her civil rights complaint filed pursuant to Title VII, 42 U.S.C. § 2000e, and multiple other claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, appellant Karen Broaddus, along with two co-workers, Carol Blue and Mary Kent, sued Coca–Cola Enterprises, Inc. alleging race discrimination, constructive discharge, infliction of emotional distress, breach of implied contract, and retaliation. The allegations by Blue and Kent were dismissed by the district court and they are not parties to this appeal. As for Broaddus, the district court granted summary judgment to Coca–Cola with respect to Broaddus's 42 U.S.C. § 1981 and breach of implied contract claims. The court denied Coca–Cola's summary judgment motions on Broaddus's claim under Title VII and Ohio Rev.Code § 4112 (race discrimination). After presenting her case-in-chief before a jury, the district court granted Coca–Cola's motion for a directed verdict under Fed.R.Civ.P. 50.

In her timely appeal, Broaddus argues that her attorney did a poor job in presenting her case, that her co-plaintiffs should not have been dismissed as parties as this decision weakened her case, that the district court erred by not facilitating settlement, that the district court should have allowed continuances as her replacement lead attorney was inadequate, that the district court failed to protect her rights due to jury misconduct, and that summary judgment was inappropriately granted to Coca–Cola on some of her claims.

The district court's grant of summary judgment to Coca–Cola is reviewed de novo. *See Grand Rapids Plastics, Inc. v. Lakian,* 188 F.3d 401, 405 (6th Cir.1999). The district court's grant of a directed verdict under Rule 50 for Coca–Cola is also reviewed de novo. *See K & T Enters., Inc. v. Zurich Ins. Co.,* 97 F.3d 171, 175 (6th Cir.1996).

■ Broaddus's arguments on appeal are meritless. Broaddus argues that her attorney did a poor job in presenting her case. If Broaddus feels that her attorney did a poor job, then she should seek redress from him. Broaddus chose her attorney, not the district court. The district court had no obligation to protect Broaddus's interests from her attorney. Thus, Broaddus's complaints against her attorney do not establish grounds to reverse the district court's order.

■ Broaddus argues that her co-plaintiffs should not have been dismissed as parties as the dismissal weakened her case. Broaddus essentially presents a strength in numbers argument. To the extent that Broaddus is attempting to assert the rights, if any, of her co-plaintiffs, she lacks standing to do so. *See Powers v. Ohio,* 499 U.S. 400, 410–11, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Although Broaddus may be asserting a power in numbers argument, Broaddus fails to realize that the facts of her case do not establish a cause of action. What may or may not have happened to her co-plaintiffs does not

alter the fact that Broaddus did not establish a case of discrimination.

■ Broaddus asserts that the district court should have facilitated a settlement. The district court is under no obligation to force the parties to settle. The argument is meritless.

■ Broaddus states that the district court should have allowed several continuances due to the poor quality of representation she was receiving from her attorney. However, the district court has complete discretion to manage its litigation schedule. Fed.R.Civ.P. 6(b). The record establishes that despite Broaddus's failing to file documents in a timely manner, the district court still entertained the documents. The district court was more than generous in Broaddus's prosecution of her case.

■ Broaddus also states that the district court did not protect her rights against jury misconduct. However, Broaddus has not provided the court with any evidence of jury misconduct. Further, Broaddus states that her attorney failed to object to the alleged misconduct. The failure to object to the alleged misconduct waives the argument on review. *See Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *American Anodco, Inc. v. Reynolds Metals Co.*, 743 F.2d 417, 424 (6th Cir.1984). Further, the case was never submitted to the jury as Coca–Cola was granted a directed verdict under Rule 50. Thus, juror misconduct is irrelevant.

Broaddus contends that summary judgment should not have been granted to Coca–Cola on some of her claims as genuine issues of fact existed. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when

there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

■ Although Broaddus asserts in her brief that genuine issues of fact should have prevented summary judgment being granted to Coca–Cola, she fails to specify what these issues are. It is Broaddus's burden to come forward with specific facts to demonstrate a genuine issue for trial.

*Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Broaddus has not met this burden. She has failed to provide the court with any facts in the record to show a genuine issue existed which prevented the district court from granting summary judgment to Coca-Cola on several of her claims. The argument is without merit.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.